

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00265-CV

JEFFREY D. WESTBROOK                                    APPELLANT

V.

DAVID F. FONDREN, FRANK D.                              APPELLEES
HOKE, GARY L. JOHNSON, JOHN
PATRICK, RODNEY COOPER,
GARY WEST, DEBORAH FORD,
JAMES MOONEYHAM, JIMMY
WEBB, PRISCILLA MORALES,
JIMMY BOWMAN, VICKIE
BARROW, KELLI WARD, PATSY
BELL, DANNY HORTON, ROY
MONROE, AND SHERILYN TRENT

----------

FROM THE 30TH DISTRICT COURT OF WICHITA COUNTY

----------

## MEMORANDUM OPINION[1]

----------

---

[1]*See* Tex. R. App. P. 47.4.

On July 28, 2010, this court received a notice of appeal from Appellant Jeffrey D. Westbrook, pro se.

On October 22, 2010, we notified the parties that this court may lack jurisdiction because the trial court's order in this case did not appear to be a final judgment. That is, the order disposing of Westbrook's request for a preliminary injunction did not also dispose of Westbrook's request for a declaratory judgment, which Westbrook indicated he wished to incorporate into this appeal in his letters filed on September 22, 2010, October 13, 2010, and November 9, 2010. On October 1, 2010, the trial court indicated that no ruling could be made on Westbrook's motion for declaratory judgment because it had never been set for trial.

Our October 22, 2010 letter informed the parties that they had until Monday, November 1, 2010, to furnish this court with a response showing grounds for continuing the appeal or it would be dismissed for want of jurisdiction. *See* Tex. R. App. P. 42.3(a).

Westbrook responded to our letter, stating that "[t]he only thing to do is sever the declaratory judgment . . . and proceed with the preliminary injunction portion." Therefore, to the extent Westbrook has attempted to appeal a claim for declaratory judgment that is not currently appealable, we dismiss that portion of his appeal for want of jurisdiction. *See* Tex. R. App. P. 42.3(a), 43.2(f). *Compare* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon 2009) (stating that a person may appeal from an interlocutory order that refuses a

2

temporary injunction), *with Lehman v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001) ("[T]he general rule, with a few mostly statutory exceptions, is that an appeal may be taken only from a final judgment.").

The remainder of Westbrook's appeal shall continue, and Westbrook's appellate brief is due in this court on Monday, January 24, 2011.

PER CURIAM

PANEL:  MCCOY, WALKER, and MEIER, JJ.

DELIVERED:  December 23, 2010